UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN AMERSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:22-cv-1034-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### Memorandum and Order

This matter is before the Court upon Movant Steven Amerson's response to the Court's [3] October 3, 2022 order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as time-barred. For the reasons explained below, the Court dismisses the motion without further proceedings.

### Background

As set forth in detail in the Court's [3] October 3, 2022 order, Movant filed the instant motion after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, the relevant dates are as follows. Movant pleaded guilty and was sentenced on February 10, 2021, and did not appeal. Judgment therefore became final for purposes of 28 U.S.C. § 2255(f)(1) on February 24, 2021, when the fourteen-day time to appeal expired. *See* Fed. R. App. P. 4(b)(1) (setting the time limit); *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Movant had one year from that date to seek relief under

28 U.S.C. § 2255, but he did not file the instant motion until September 18, 2022. The motion therefore does not qualify as timely under 28 U.S.C. § 2255(f)(1), and Movant does not assert, nor is it apparent, that it qualifies as timely under any other subsection of that statute.

In a memorandum filed in support of his § 2255 motion, Movant acknowledged his untimely filing, and could be understood to claim entitlement to equitable tolling. In a section of the memorandum titled "Exceptional Circumstances for Filing After One Year of Limitation," Movant generally described pandemic-related measures taken in courts and federal prisons, and stated he was transferred to different facilities in 2021 and 2022. Doc. 1-1 at p. 18. He claimed the transfers caused general instability, and he claimed there were lockdowns and a lack of access to a law library and to prison legal assistants. Movant characterized that as an "extraordinary circumstance and compelling reason" to excuse his untimely filing. *Id.* at p. 19. He claimed he was finally able to file the instant motion after becoming acquainted with an inmate who helped him. However, he made no attempt to show he diligently pursued his rights.

In this Court's [3] October 3, 2022 order, the Court explained the reasons the motion was untimely, and gave Movant the opportunity to show cause why it should not be dismissed as such. Movant submitted a timely response in which he references his prior assertions, and again asks this Court to excuse his untimely filing due to pandemic-related procedures and resulting lack of access to legal resources. He writes:

> Amerson was transferred from prison to prison starting with Missouri-Detention Center to McCary/Kentucky in May 2021, Oaklahoma [sic] USP in the Middle of 2021, Hazelton USP in 12/2021, to Polluck USP in the beginning of 2022, then final destination here USP Canaan in 09/2022 where COVID-19 infection slow down its contageous [sic] infection.
>
> 5-At USP Canaan, it allowed inmates unit by unit to have recreation even travel to the Kitchen-Unit to receive a tray and bring back to the Unit three meals a day. At its individual unit, it allows inmate to use the law library computer with a jail lawyer assistance. However, Amerson approached many different person to assist

2

> him to file his initial § 2255 motion. Finally, it has been done after a one-year statute of limitation.

Doc. 4 at p. 2.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court must summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.  The AEDPA requires a § 2255 motion to be filed within one year of, as relevant here, the date the challenged judgment became final.  28 U.S.C. § 2255(f)(1).  Equitable tolling is available in the context of a § 2255 motion, *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005), but it "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001).

Equitable tolling is appropriate only when a movant demonstrates that he was diligently pursuing his rights, but extraordinary circumstances beyond his control stood in his way and prevented timely filing.[1]  *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).  The Eighth Circuit has cautioned that application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad*, 267 F.3d at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Indeed, restrictions imposed due to the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions.  *United States v. Haro*, 2020 WL 5653520, at *4 (D. Neb. Sep. 23, 2020) (citing cases).  However, those "certain circumstances" involve individuals who were pursuing their rights diligently, and would have

---

[1] Movant makes no attempt to claim he was lulled into inaction by the government. *See Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000).

3

timely filed if not for obstacles caused by pandemic-related procedures.  For example, the United States District Court for the District of Nevada granted a prisoner's COVID-19-based request for prospective equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records.  *See Dunn v. Baca*, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020).  In granting relief, the court wrote that it had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*

In other circumstances, this Court and others have rejected requests for equitable tolling premised upon pandemic-related lockdowns and lack of law library access when there was no evidence the prisoner had diligently pursued his rights.  *See Mims v. United States*, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (A claim of inability to access a law library due to a COVID-19 lockdown was insufficient to warrant application of equitable tolling where the movant failed to establish he was pursuing his rights diligently beforehand.); *Howard v. United States*, 2021 WL 409841, at *4 (E.D. Mo. Feb. 5, 2021) (collecting cases holding that a lack of law-library access generally does not warrant equitable relief); *see also United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (rejecting a claim of entitlement to equitable tolling premised upon pandemic-related lack of law library access where the movant failed to show he diligently pursued his rights before the lockdown); *United States v. Barnes*, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he had diligently pursued his claims).

In this case, while Movant states he approached people for help, he does not state who he approached or when, nor does he explain how his ability to timely file a § 2255 motion was

4

affected. Similarly, while Movant states he was transferred to different facilities, he does not explain how such transfers affected his ability to timely file a § 2255 motion. Movant alleges nothing that would show he actually did anything that amounted to diligent pursuit of his rights, and instead focuses on the fact that he was subjected to pandemic-related procedures. However, pandemic-related procedures—including lockdowns, law library closures, and lack of access to prison legal assistants and other resources—do not automatically warrant equitable tolling. Instead, a movant must establish that he was pursuing his rights diligently *and* the pandemic-related obstacle or obstacles stood in his way and prevented timely filing. *See United States v. West,* No. 4:18-CR-737, 2022 WL 44670, at *4 (N.D. Ohio Jan. 5, 2022) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020))) (emphasis in original). Similarly, a lack of access to legal resources does not alone warrant equitable tolling. *See Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (citing *Preston v. State of Iowa*, 221 F.3d 1343 (8th Cir. 2000) (per curiam))).

      Having thoroughly reviewed and carefully considered the record and the response now before the Court, the Court concludes that the motion is untimely, and Movant has failed to establish entitlement to equitable tolling. As a result, the Court dismisses the motion without further proceedings.

      The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See*

*Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Movant herein has made no such showing, and the Court therefore does not issue a certificate of appealability.

Accordingly, the Court denies and dismisses as time-barred Movant Steven Amerson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  The Court enters a separate order of dismissal herewith.  The Court further declines to issue a certificate of appealability.

Dated this 15th day of December, 2022.

*/s/ SL R. Cl*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE